# Stewart, Appellant, *v.* Stewart.

*Divorce—Adultery—Evidence—Insufficiency.*

In an action for divorce on the ground of adultery, a decree is properly refused, where the evidence on the part of the libellant was almost entirely that of hired detectives and their assistants, and respondent produced thirty witnesses, most of whom were disinterested, whose testimony met ·in detail every piece of evidence· presented· by libellant, and constituted a complete answer to it.

Under the circumstances, the charge of adultery was not established by the preponderance of the evidence.

Argued November 19, 1924.   Appeal, No. 75, April T., 1925, by libellant, from decree of C. P. Allegheny Co., April T., 1921, No. 2516, dismissing libel in divorce in the case of George W. Stewart v. Marion S. Stewart. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Libel in divorce on the ground of adultery.  Before DREW, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Frank A. Piekarski, Esq., as master, who recommended that a divorce be granted.

On exceptions to the master's report the court sustained the exceptions and dismissed the libel.   Libellant appealed.

*Error assigned* was the decree of the court.

*Joseph Stadtfeld,* for appellant.

*Thomas M. Marshall, Jr.,* and with him *Thomas M. Marshall,* for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:

The libel in this case charges adultery by the wife and asks for a divorce a vinculo matrimonii.   The parties

are represented by able counsel, who made a record containing nearly six hundred pages of testimony. The master found that the charge was sustained by the evidence and recommended that a divorce be granted. The court below disagreed with the master and refused the divorce and dismissed the libel. The only question before us is whether under all the evidence the libellant was entitled to the decree asked for. After the fullest consideration of the entire record and the arguments and briefs of counsel, we all agree with the conclusion reached by the court below. We do not regard it necessary or desirable to discuss the testimony in detail. Suffice it to say, the libellant produced testimony tending to prove adultery committed by the wife on five specific dates: November 7, 1916; July 1, 1917; July 7, 1918; December 30, 1919, and September 1, 1920. The respondent specifically denied every allegation of wrongdoing. The parties were married in Pittsburgh in January, 1902, and lived together until 1907. The libellant had been married before and had children by the first marriage. The respondent was fifty years of age at the time of the hearing. The scene of three of the alleged acts of adultery was laid in New York City, where the respondent was then residing; one offense was charged as committed in Chicago and another in Pittsburgh. Seven of the ten witnesses called by the libellant to prove the facts and circumstances by which it is urged that the wife's offense was established, were paid detectives. The other three witnesses were assistants to the detectives. As stated by the court below, "after at least ten years of effort, an expenditure of large sums of money, not hindered by scruples as to methods, he (the libellant) did not produce a single witness who could fairly be said not to be under his influence." On the other hand, the respondent called more than thirty witnesses, most of whom were disinterested, whose testimony met in detail every piece of evidence presented by the libellant and, in our opinion, constituted a complete answer to it. It

follows that the charge of adultery was not established by the preponderance of the evidence. Nor can we escape the conclusion that the libellant's desire to secure a divorce was very great and that he was determined to get it at any cost or by any possible method. Although he testified that he has resided in Pittsburgh since 1890, he admitted on cross-examination that he previously instituted a divorce proceeding in West Virginia in 1912, in which he swore he was a resident of that state. His admissions in respect to his relations with a young woman school teacher, while not establishing that he violated his marriage vows, are consistent only with a manifest desire to be freed from the respondent. It is more than doubtful in our minds whether the libel was filed in sincerity and truth and for the causes set forth therein.

The decree is affirmed at the cost of the appellant.

PORTER, J., did not sit in this case and took no part in its decision.