## Marion S. Stewart *v.* George W. Stewart, Appellant.

*Divorce—Alimony—Amount—Act of February* 26, 1817, 6 *Sm. L.* 405.

On the facts stated in the opinion, alimony of $300.00 a month allowed by the court below was reduced to $250.00 pursuant to the provisions of the Act of February 26, 1817, 6 Sm. L. 405, limiting the amount of permanent alimony to one-third of the income from the property and labor of the husband.

Argued December 9, 1925. Appeals Nos. 37 and 38, April T., 1926, from decree of C. P. Allegheny County, April T., 1921, No. 2516, in the cases of Marion S.

Stewart v. George W. Stewart, and George W. Stewart v. Marion S. Stewart. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Modified.

Petition for alimony and counsel fees. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

The Court awarded alimony at the rate of $300 a month, and expenses $1,315.62, in addition to $300 awarded for that purpose in March, 1922. Respondent appealed.

*Error assigned*, among others, was the decree of the Court.

*Joseph Stadtfeld* for George W. Stewart.

*Thomas M. Marshall, Jr.*, and with him *Thomas M. Marshall*, for Marion S. Stewart.

OPINION BY LINN, J., February 26, 1926:

Appellant complains of an order providing for alimony, expenses and counsel fees allowed his wife in divorce proceedings. They were begun early in 1921. He sued for divorce a. v. m. and she for divorce from bed and board. Since 1907 he had been paying her $100 a month by order of the Quarter Sessions. In 1912 he obtained a decree of divorce from her in West Virginia, but it was disregarded in this state. The proceedings were bitterly contested. Witnesses were brought from a number of states. The expenses were necessarily large. In 1924 the master reported a decree sustaining his libel and dismissing hers; on exceptions the court reversed the master, dismissed appellant's libel, sustained the wife's, and entered a decree divorcing her from bed and board. This court

affirmed: 85 Pa. Super. Ct. 39, 42. On the return of the records, in March 1925, the proceedings now here for review were had. The court awarded alimony at the rate of $300 a month; for expenses $1,315.62, in addition to $300 awarded for that purpose in March 1922, and $3,250 counsel fee, in addition to $750 awarded on account in March 1922.

The record contains detailed statements of the services rendered by counsel for the wife and evidence that the market value of the services was $5,000. In the circumstances described in the record, this court will not further reduce the amount. Nor has our attention been directed to any substantial reason for interfering with the order for expenses.

The amount of alimony to be allowed is not free from difficulty, but this court is of opinion that the amount should be reduced to $250 a month. Appellant's testimony creates this difficulty in ascertaining what his income is or should be. He says that since January 1, 1925, his income has been reduced to perhaps $5,000 a year. But all through the divorce proceedings, and for years before, he had a very large income, and we cannot understand from his evidence that it has been reduced as he seems to indicate. He testified that for ten years prior to 1922 his income was $23,000 a year, "from earnings"; he was a partner with his brother in a business which they were still conducting when the order appealed from was made; he also received income from real estate, some of which he also owned then, and, some, it was plausibly suggested by appellee, it would seem that he was still interested in notwithstanding foreclosure proceedings. He stated that his income returned to the federal government for 1923 for the purpose of income tax, was $16,879; for 1924 $16,010. The assets of appellant's firm, were stated to be in excess of $287,000.

The statute limits the amount of alimony allowable

in such proceedings to "the third part of the annual profit or income of his estate or of his occupation and labor": 6 Sm. L. 405. From the evidence we are constrained to conclude that an allowance of $250 a month is justified and within the statute.

The record is remitted with instructions to modify the decree appealed from by substituting an award of permanent alimony at the rate of $250 a month, effective as of June 1, 1925, the date of the decree appealed from; in other respects the decree is affirmed; the costs of this appeal shall be paid by appellant.